UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SYLVESTER TAYLOR, | ) |
| | ) |
| Petitioner, | ) |
| | )    04-2146 |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

ORDER

      On February 21, 2003, the petitioner, Sylvester Taylor ("Taylor") entered a plea agreement admitting that he violated 21 U.S.C. § 846, conspiracy to distribute over 500 grams of a substance containing cocaine. In the plea agreement, Taylor waived his right to appeal or file a motion pursuant to 28 U.S.C. § 2255. This court sentenced Taylor to a term of 151 months imprisonment and 8 years of supervised release.

      On July 28, 2004, Taylor filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Taylor says he did not knowingly and voluntarily enter the plea agreement because he received ineffective assistance of counsel. Therefore, Taylor argues, the waiver of his right to appeal or file a post-conviction petition is unenforceable.

      In support of his argument, Taylor states that his attorney, Bruce Cowan ("Cowan"), promised him that the plea agreement was only a temporary solution that could be changed at a later date, and that Taylor could still go to trial if he wished. Taylor recounts that Cowan told him, "Just don't say anything. Just sign it and I'll get it changed later." Taylor states that he can produce two witnesses – his sister and his pastor – who will verify that Cowan made the same promises to them.

      In response, The United States of America reproduced the following portion of the plea agreement colloquy:

      THE COURT: Okay. Are you mad at Mr. Cowan for anything?

      PETITIONER: Uh-huh.

      THE COURT: Has he been competent? Has he done his best for you do you think to represent you and give you good advice?

THE PETITIONER: Yes.

The quoted portion of the transcript, however, does not reflect the numerous times that the court instructed Cowan to allow Taylor to answer the questions without assistance from Cowan. The court repeatedly admonished Cowan to allow Taylor to answer the questions on his own. The protracted colloquy indicated Taylor's hesitance, and the court accepted the plea agreement only after it appeared that Taylor's hesitance was due to the stress of the situation rather than coercion by counsel.

However, the court now has additional information from which to judge Taylor's situation. In December 2003, Cowan represented another defendant, Thomas Cannon ("Cannon"), during a three-day criminal trial. *See United States v. Cannon*, 03-20085 (C.D. Ill. 2003). The jury convicted Cannon of possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). On April 1, 2004, the court granted Cannon's motion to dismiss defense counsel for ineffective assistance of counsel and conflict of interest [#26] and Cowan's motion to withdraw [#27]. The court then appointed the Federal Defender, Tiffani Johnson ("Johnson"), to represent Cannon.

Johnson attempted to obtain from Cowan the documents she needed to adequately represent Cannon. Cowan failed to turn over the files to Johnson and provided implausible excuses for his failure to do so. Johnson filed a motion to compel, and the court ordered Cowan to show cause why he should not be adjudged in contempt of court. On November 29, 2004, Cowan appeared before this court and testified under oath that the files had been destroyed by water damage during a fire at his residence. Later testimony revealed that there was no fire at the Cowan residence.

On August 19, 2005, this court found Cowan in contempt for violation of Illinois Code of Professional Responsibility 1.16(d) and for giving false testimony about his client's files. The matter was referred to Chief Judge Michael P. McCuskey with the recommendation that all four active judges in this district consider disciplinary proceedings against Cowan. The matter was assigned to the Honorable Jeanne E. Scott.

Judge Scott entered an agreed order on December 30, 2005, in which Cowan (1) voluntarily relinquished his admission to practice law before the federal courts in the Central District of Illinois; (2) acknowledged his failure to turn over files relating to his representation of Cannon; and (3) acknowledged that his testimony regarding the reasons he could not find Cannon's files presented inaccurate and conflicting explanations. On appeal, Cannon's criminal case was reversed and remanded with instructions to impose a sentence of life imprisonment. On December 22, 2005, I recused myself and transferred the case to Chief Judge McCuskey for reassignment.

Taylor's allegations go straight to the heart of this court's concerns regarding Cowan's effectiveness and honesty. Taylor's Section 2255 motion should be reviewed by an impartial judge, and for that reason, I recuse myself and transfer this case to Chief Judge McCuskey for

2

reassignment.

    Entered this 3rd day of January, 2006.

                            **s\Harold A. Baker**
                     _____
                             HAROLD A. BAKER
                       UNITED STATES DISTRICT JUDGE